IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PIOTR KWIATKOWSKI,                )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 11-1302-CV-W-ODS
                                  )
TETON TRANSPORTATION, INC.,       )
and RANDALL HUFF,                 )
                                  )
            Defendants.           )

**ORDER AND OPINION DENYING MOTION TO DISMISS (DOC. 6)**

Defendant Teton Transportation, Inc., moves to dismiss Count III of Plaintiff Piotr Kwiatkowski's first amended complaint. The motion is denied.

I. BACKGROUND

Kwiatkowski claims Defendant Randall Huff caused a trucking accident on Interstate 70 in Lafayette County that left Kwiatkowski permanently disabled. Kwiatkowski alleges negligence and negligence per se against Huff and Huff's employer, Teton, in Counts I and II of his first amended complaint.

In Count III of his first amended complaint Kwiatkowski also alleges Teton was negligent or reckless in training, controlling, and/or supervising Huff. Kiwatkowski seeks exemplary damages under this count but not under Counts I and II.

Teton admits Huff was its employee and that he was operating in the course and scope of his employment when the accident occurred. Teton maintains Count III should be dismissed because of this admission.

II.  DISCUSSION

A pleading is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim on which relief can be granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–87 (2009).  To survive dismissal, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Teton argues dismissal of Count III is compelled by *McHaffie By and Through McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995).  In *McHaffie* the employer (like Teton) admitted the truck driver was its agent and employee working within the scope of his employment at the time of the accident, and the jury assessed fault against the employer for vicarious liability.  *Id.* at 825.  But the jury also separately assessed fault against the employer for negligent hiring.  *Id.*  The Missouri Supreme Court held the trial court erred in admitting evidence of negligent hiring and permitting this separate fault assessment.  *Id.* at 827.

*McHaffie* reasoned that once the employer admitted the employee was acting within the course and scope of his employment at the time of the accident, the plaintiff only needed to prove the employee acted culpably for negligence to be imputed to the employer under respondeat superior.  *See id.* at 826.  In contrast, negligent hiring and negligent entrustment[1] required evidence *in addition* to employee culpability to prove the employer liable.  *See id.* at 825–26.  *McHaffie* held that this additional evidence was irrelevant and prejudicial in light of the employer's admission.  *Id.* at 827.

According to Teton, proof *McHaffie* was intended to apply to Kwiatkowski's first amended complaint (and not just when evidence is being submitted) is shown by the court's following statement:

> If all of the theories for attaching liability to one person for the negligence of another were recognized *and all pleaded* in one case where the

---

[1] Although the verdict director on the employer's separate liability did not contain the elements of negligent entrustment, the court found it "[came] close" to doing so.  *McHaffie*, 891 S.W.2d at 825.

> imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended.

891 S.W.2d at 826 (emphasis added).

Kwiatkowski counters *McHaffie* does not require dismissal because Count III does not seek to impose imputed liability. Kwiatkowski highlights that *McHaffie* did not involve claims of negligent supervision and negligent training. Kwiatkowski argues he can establish liability for these claims "regardless of any conduct by the employee." Suggestions in Opposition, Doc. 14, p. 6. But every negligence action requires actual causation to be shown. *See Newell Rubbermaid, Inc. v. Efficient Solutions, Inc.*, 252 S.W.3d 164, 177 (Mo. Ct. App. 2007). Kwiatkowski cannot establish actual causation under Count III without Huff's alleged misconduct. Kwiatkowski has not shown his claims under Count III are materially different from the claims in *McHaffie*.

This however does not mean Teton's motion to dismiss should be granted. The issue raised by a Rule 12(b)(6) motion is not whether submitting evidence on a claim is laborious or even necessary, but whether the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Even considering Teton's admission that Huff was an employee acting in the scope of employment at the time of the accident, the Court can still infer from Kwiatkowski's allegations that Teton is liable under Count III. It is not as if Teton's admission is an affirmative defense to Count III. Dismissal under Rule 12(b)(6) therefore is not warranted.

The undersigned acknowledges the Honorable Howard F. Sachs applied *McHaffie* and granted a motion to dismiss negligent hiring/retention/training claim against an employer in circumstances like those here. *See Brown v. Larabee*, No. 04-1025-CV-W-HFS; 2005 WL 1719908, at *2 (W.D. Mo. July 25, 2005). Judge Sachs reasoned that "[n]o amount of discovery will change that fact that Count II (negligent hiring/retention/training) *is* an imputed liability claim derived from and dependent upon [the employee's] alleged negligence." *Id.* While the undersigned respects Judge Sachs' opinion, the undersigned finds more persuasive the Honorable Rodney W.

3

Sippel's denial of employers' motions to dismiss in *Cisco v. Mullikin*, No. 4:11 CV 295 RWS, 2012 WL 549504, at *1 (E.D. Mo. Feb. 21, 2012). Judge Sippel held that "*McHaffie* does not prevent Cisco from *alleging* negligent hiring, entrustment, training and supervision claims" (emphasis added). The Court believes Judge Sippel's decision reflects the appropriate inquiry when evaluating a Rule 12(b)(6) motion.

The undersigned also acknowledges other judges from this district have applied *McHaffie* and granted employers' Rule 12(c) motions for judgment on the pleadings in cases with similar facts. *See, e.g., Xiong v. Quick*, 4:09-CV-00660-SOW, Doc. 23, p. 2 (W.D. Mo. Nov. 24, 2009) (Wright, J.) (citing *Larabee*); *Hoch v. John Christner Trucking, Inc.*, No. 05-0762-CV-W-FJG, 2005 WL 2656958, at *2 (W.D. Mo. Oct. 18, 2005) (Gaitan, J.) ("[O]nce defendant admits vicarious liability for actions of its employee/agent, negligent hiring/training/entrustment claims 'serve no real purpose'" (citation omitted).); *Butts v. North American Van Lines*, No. 6:05-CV-03115-RED, Doc. 16, p. 7 (W.D. Mo. May 18, 2005) (Dorr, J.) ("Proceeding on alternative theories of negligent entrustment, supervision, or hiring would merely unnecessarily expend the Court's and the parties' resources (footnote omitted).).

While the undersigned respects the opinions of these judges, the Court believes dismissal would be inappropriate even if Teton's motion was construed as one for judgment on the pleadings. Those motions and Rule 12(b)(6) motions are governed by "the same standard," *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009), and the Court has already concluded dismissal under Rule 12(b)(6) is not warranted.

The Court further notes two decisions from the Eastern District of Missouri that disagree whether *McHaffie* compels granting a Rule 12(f) motion to strike a plaintiff's additional imputed liability claims. *Compare Sargent v. Justin Time Transp., L.L.C.*, No. 4:09CV596 HEA, 2009 WL 4559222, at *2 (E.D. Mo. Nov. 30, 2009) (Autrey, J.) ("Although, the Court can . . . strike from the pleading any 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,' it is premature to strike Count III at this time.")., *with Young v. Dunlap*, 223 F.R.D. 520, 522 (E.D. Mo. 2004) (Noce, J.) ("[A]llowing [the plaintiff] to argue negligent entrustment when [the employer]

4

admitted imputed liability is both redundant and prejudicial" (citation omitted).).

If the Court construed Teton's motion as a motion to strike it would still be denied. *McHaffie* observed that—even where an employer makes the admissions Teton did here—it was "possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee" (citation omitted). 891 S.W.2d at 826. Liability against Teton for exemplary damages that cannot be assessed against Huff is exactly what Kwiatkowski is seeking under Count III.

The Court acknowledges *McHaffie* observed the punitive damages exception was just a possibility and later stated the issue "await[ed] another day." 891 S.W.2d at 826. The Court also acknowledges that some federal district judges in Missouri have held *no* exception to *McHaffie* exists for punitive damages because no Missouri state case subsequent to *McHaffie* has explicitly recognized one. *See Allstate Insurance Company v. Hasty*, No. 4:10-CV-00209-DW, Doc. 57, p. 5 (W.D. Mo. Sept. 14, 2010) (Whipple, J.) (holding no exception existed because "[t]he Missouri Supreme Court declined to decide the issue of exceptions to the rule set forth in *McHaffie* and has not since revisited the matter"); *Jackson v. Myhre*, No. 1:06CV188 CDP, 2007 WL 2302527, at *2 (E.D. Mo. Aug. 7, 2007) (Perry, J.) (""[T]his language leaves such issues for another day, and I cannot find any more recent Missouri decision that recognizes any such an exception."); *Connelly v. H.O. Wolding, Inc.*, No. 06-5129-CV-SW-FJG; 2007 WL 679885, at *2 (W.D. Mo. Mar. 1, 2007) (Gaitan, J.) ("Missouri has yet to recognize such an exception. Thus, the general rule in Missouri remains—plaintiff cannot assert additional theories of imputed liability when defendant has admitted respondeat superior liability" (citation omitted).).

The Court respectfully disagrees with these decisions. It appears no case from a Missouri appellate court has recognized the exception noted in *McHaffie*, but it also appears the issue has not been presented to those courts. And other federal judges *have* recognized the punitive-damage exception mentioned in *McHaffie*, or at least decided the plaintiff should be allowed discovery on the additional claims of imputed liability when punitive damages are pleaded. *See, e.g., Blotter v. Brent Higgins*

5

*Trucking Co. Inc.*, No. 3:11-CV-05073-RED, Doc. 19, p. 3 (W.D. Mo. Nov. 30, 2011) (Dorr, J.) (holding *McHaffie*'s language "indicates that the *McHaffie* Court may have recognized an exception in cases considering punitive damages"); *Jodlowski v. Lindsey Petroleum Transport, Inc.*, No. 3:09-CV-05051-JTM, Doc. 39, pp. 3–4 (W.D. Mo. Jun. 8, 2010) (Maughmer, Mag. J.). The Court agrees with the Honorable John T. Maughmer's justification for allowing discovery when punitive damages are sought against the employer:

> The rationale is straightforward. In a 'simple' (i.e., non-punitive) automobile accident case, to the extent there is liability arising from its employee's negligence, the employer will have to pay those finite consequential damages regardless of the theory of liability (i.e., the plaintiff's damages and injuries are not increased because of the theory of liability pursued). In an automobile accident case involving a claim of punitive damages, however, the damages are not necessarily so limited. Instead, in a case where punitive damages are at issue, a factfinder may consider the conduct of the employer beyond the actions of the negligent employee and increase the exemplary award based on such conduct.

*Jodlowski*, Doc. 39, p. 3.

In addition, employers would be insulated from liability for their egregious conduct if the punitive damages exception to *McHaffie* was not recognized. *See* J.J. Burns, Note, *Respondeat Superior as an Affirmative Defense: How Employers Immunize Themselves from Direct Negligence Claims*, 109 Mich. L. Rev. 657, 676 (2011) ("In these jurisdictions, once an employer admits to respondeat superior liability, the employer's wanton disregard, willful misconduct, malice, or conscious indifference become untouchable" (footnote omitted).). If the Missouri Supreme Court was presented with the issue, the Court believes it would recognize a punitive-damage exception to the rule stated in *McHaffie.*

6

Case 4:11-cv-01302-BCW   Document 18   Filed 04/23/12   Page 6 of 7

## III. CONCLUSION

Teton's motion to dismiss is denied.

IT IS SO ORDERED.

                                                            /s/ Ortrie D. Smith
                                                            ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 23, 2012                              UNITED STATES DISTRICT COURT